IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jean Ritter, | ) | |
| Dennis Webster, | ) | |
| Robert Jastrzab, | ) | |
| Randy Feldman, | ) | |
| Susan Sheuerman, | ) | |
| Chris Moen, | ) | |
| Paul F. Banta, | ) | |
| and | ) | |
| James Herrick, | ) | |
| | ) | |
| Petitioners, | ) | Misc. Case No. 02-127 |
| | ) | |
| v. | ) | |
| | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONERS' SURREPLY TO UNITED STATES' REPLY TO PETITIONERS'
RESPONSE TO UNITED STATES' PETITION FOR AN ORDER TO ENFORCE
CIVIL INVESTIGATIVE DEMANDS**

Petitioners file this surreply to respond to the United States' Reply to Petitioners' Response to United States' Petition for an Order to Enforce Civil Investigative Demands ("Government's Response") as follows:

**I.      The Government Misunderstands Petitioners' Claim of Improper Purpose**

The government misconstrues Petitioners' claim of improper purpose in issuing the Civil Investigative Demands ("CIDs") to be based solely on public statements of Assistant United States Attorney ("AUSA") Sheehan.  *See Government's Response* at 1-4.  The government ignores that Petitioners have alleged and produced evidence to support a pattern of improper conduct and purpose by the government as follows:  (1) a consistent pattern of improper

statements by AUSA Sheehan made in his official capacity and apparently sanctioned by the Department of Justice,[1] (2) efforts to cause the issuance of and to enforce an administrative subpoena which is clearly beyond the scope of authority of the Health and Human Services Office of Inspector General ("HHS-OIG"), *see generally Misc. Case. No. MC00133*, and (3) issuance of False Claims Act CIDs absent any legitimate theory of false claims liability, and with the intent to circumvent litigation pending before the Court in Misc. Case No. MC00133.

The government relies exclusively on *National Labor Relations Board v. Interstate Dress Carriers, Inc.*, 610 F.2d 99 (3d Cir. 1979), but ignores that Petitioners have met their burden pursuant to that case. Petitioners set forth law and evidence to suggest that, (1) at the direction of the United States Attorney for the Eastern District of Pennsylvania the HHS-OIG issued an administrative subpoena related to the CIDs at issue that is clearly beyond the scope of its authority, (2) that the Department of Justice issued False Claims Act CIDs with no basis in law or fact, and (3) that the government's false claims investigator, AUSA Sheehan, acting in his official capacity, has sought to manipulate securities markets to the detriment of Petitioners' employer and other PBMs. As such, Petitioners are entitled to discovery in aid of the development of facts and to a hearing before the Court. *See id.* at 112.[2]

---

[1] The government's explanation of AUSA Sheehan's statements as evidencing a "serious . . . commitment to communicate law enforcement concerns" is clearly contradicted by facts ignored by the government. For example, AUSA Sheehan has been threatening to bring a PBM case since December 1999, has repeatedly discussed his investigation with the media, and has assisted stock analysts in their reporting on the PBM industry. *See Misc. Case No. MC00133, Response to Renewed Petition for Summary Enforcement of Administrative Subpoena Duces Tecum and Incorporated Motion to Quash filed on January 22, 2002*, at 9-12.

[2] The government's citation to *United States v. Juren*, 687 F.2d 493 (Temp. Emer. Ct. App. 1982), is meaningless. In *Juren*, the party seeking discovery on the issue of propriety of an administrative subpoena produced *no evidence*. Moreover, contrary to the government's position here, in *Juren* the government produced two affidavits from government counsel contradicting an allegation of improper purpose. *See id*.

**II.     The Government Misreads and Misapplies *Hutchins* and Mischaracterizes the OPM-BCBSA Contract**

The Third Circuit has explicitly stated:

> The proper inquiry under the False Claims Act . . . whether the defendant causes, or will cause, the intermediary to make a false claim against the government resulting in a financial loss to the treasury.
>
> Therefore, we reiterate that the proper inquiry under the False Claims Act is whether the defendant made fraudulent claims that caused or would cause economic loss to the United States Treasury.

*Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 184-85 (3d Cir. 2001), *cert. denied*, 122 S. Ct. 2360 (2002).[3]

In its attempt to satisfy *Hutchins*, the government provides a convoluted explanation of the payments made under the OPM-BCBSA contract.[4] The government argues that payment decisions by OPM to BCBSA under the contract are dependent in part upon individual prescription drug claims processed by AdvancePCS. However, the government fails to advise the Court that OPM is obligated to pay experience-rated carriers such as BCBSA all of the subscription charges received from the Employees Health Benefits Fund for the BCBSA plan. *See* 48 C.F.R. § 1652.232-71(a) (2001).[5] The letter of credit from which BCBSA draws is comprised simply of the recurring preset premium payments and any contingency reserve. *See* 48 C.F.R. §§ 1602.170-10 and 1652.232-71(d) (2001). Under these circumstances, payments to

---

[3] Without basis in law or fact, the government incorrectly seeks to limit the plain language of *Hutchins* to claims of third parties submitted in bankruptcy proceedings.

[4] Petitioners do not have access to the OPM-BCBSA contract. Based on the government's reliance on the provisions of that contract, Petitioners respectfully request the Court to order the government to produce the contract for Petitioners' inspection.

[5] This payment is reduced based only by amounts set aside for a contingency reserve and administrative expenses of OPM; and is subject to adjustment for error or fraud committed by BCBSA. *See* 48 C.F.R. § 1652.232-71(a) (2001).

AdvancePCS by BCBSA do not effect any payment decision by, nor could they cause any loss to, the government.[6]

### III. The Government Provides No Argument for Seeking Evidence Regarding the Mail Handlers Contract, or Medicaid or Medicare+Choice MCOs

The government has failed to offer the Court any legal or factual basis or argument upon which False Claims Act liability could arise based on AdvancePCS's relationships with the Mail Handlers Plan or Medicaid or Medicare+Choice managed care organizations. As such, the Court has no basis to conclude that any legitimate purpose exists in the issuance of False Claims Act CIDs for inquiry regarding those matters.

### IV. The Government Provides No Legal Support for Its Argument That the CIDs Should Not Be Limited

The government claims without any legal support that if the CIDs are enforced, the government should be permitted to question the petitioners about contractual relationships between AdvancePCS and every pharmaceutical manufacturer in the United States. The government's position in this regard is evidence which further confirms improper motive.

While the government maintains that it is investigating possible false claims arising from the OPM-BCBSA contract, the government has not served a CID on a single present or former AdvancePCS employee who has anything to do with administration of the contract between AdvancePCS and BCBSA. Instead the government seeks to examine all contractual relationships of AdvancePCS for purposes having no relationship to any possible alleged false

---

[6] The government's reliance on *United States v. American Elevator Co.*, CIV. A. No. 88-8375, 1989 WL 11216 (E.D. Pa. Feb. 10, 1989) is misplaced for several reasons. First, it is an unpublished case decided prior to *Hutchins*, and to the extent that it conflicts with *Hutchins,* it provides no authority. Second, in that case, the defendants argued only that there could be no False Claims Act liability because claims were presented to and paid by a state agency and not the federal government. The government alleged, which is not the case here, that it detrimentally relied on fraudulent invoices and bills in providing a portion of the funds used to pay the defendants.

4

claim. The government is free to attempt to investigate, however the use of False Claims Act CIDs to do so in this case is unlawful.

Respectfully submitted,

_____

Robert A. Kauffman
Wayne C. Stansfield
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
215-851-8100
215-851-1420  Facsimile


Eugene Tillman
Eric A. Dubelier
Anne M. Devens
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005-3317
202-414-9200
202-414-9299 Facsimile

Attorneys for Petitioners

Date:  July 1, 2002

**Certificate of Service**

      I hereby certify that I caused a true copy of the foregoing Petitioners' Surreply to United States' Reply to Petitioners' Response to United States' Petition For An Order To Enforce Civil Investigative Demands to be served via hand-delivery this 1st day of July, 2002 on the following:

      James G. Sheehan
      Chief, Civil Division, United States Attorney
      Barbara Rowland
      Assistant United States Attorney
      United States Attorney's Office for the Eastern District of Pennsylvania
      615 Chestnut Street, Suite 1250
      Philadelphia, PA 19106

and via registered or certified mail, costs prepaid, this 1st day of July, 2002 on the following:

      John Ashcroft
      United States Attorney General
      United States Department of Justice
      950 Pennsylvania Avenue, N.W.
      Washington DC  20530-0001


      _____
      Wayne C. Stansfield